PHILLIP GELHAAR *v.* GEORGE ROSS and M. M. STANIELS.

Parol proof of the contents of a chattel mortgage having been given upon the trial without objection, *held,* that the objection could not be taken upon appeal.

The interest of a mortgagor in chattels, before default, may be levied on and sold under execution. But where, after default in the mortgage, it is foreclosed, and the property passes into the possession of the mortgagee, the officer becomes a trespasser, if he sells the property and delivers possession to a third person, and is liable in damages to the mortgagee therefor.

When a defendant seeks to justify the taking of personal property under an execution against a person other than the plaintiff, it is not sufficient to produce the execution; the judgment on which it was issued must also be proved.

APPEAL by the defendants from a judgment of the Seventh District Court. This was an action to recover damages for the unlawful taking of personal property. The defendants justified the taking under an execution against William Gelhaar. The evidence showed that William Gelhaar was the original owner of the property, which consisted of the contents of a drug store. That he gave a chattel mortgage upon it to Phillip Gelhaar on the 4th of December, 1855. That on the 17th of December an execution was issued out of the Sixth District Court against William Gelhaar in favor of the defendant George Ross, and was levied by the defendant M. M. Staniels, a constable of the city, on the property in question on the 19th of December. The goods were not, however, removed from the store. At the time of the levy the mortgage was due; the mortgagee was in possession of the property, and had taken proceedings to sell it. These facts were known to the constable at the time of the levy. On the 3d of January, 1856, they were sold under the chattel mortgage by Phillip Gelhaar, and bought in by him, and on the following day, the defendant Staniels having been indemnified by Ross, they were sold by him under the execution. They were subsequently purchased back by William Gelhaar for $30, for which sum the justice gave judgment. There was no proof of the judgment on which the execution was issued, nor was the chat-

tel mortgage under which the plaintiff claimed title produced, but no objection was made to the parol proof offered of its existence and contents.

*William R. Stafford,* for the appellants.

*Diefendorf and Acker,* for the respondent.

INGRAHAM, FIRST JUDGE.—The plaintiff claimed title to personal property under a mortgage. Upon the trial parol proof of the contents of the mortgage was given, without objection on the part of the defendant. He cannot, therefore, now make an objection which should have been stated to the justice at that time. If it had been taken on the trial, the objection could have been obviated, probably, by producing the original mortgage. The rule is well settled, that such objections are of no avail unless made at the trial. On this account the motion for a non-suit was properly denied.

There is no doubt that the interest of the mortgagor, before default in the payment of the mortgage, may be levied on and sold by the sheriff or constable. 1 Com. 295; 1 Kiernan, 501, and cases there cited. There is no evidence that such was the present case. On the contrary, the evidence shows that the money secured by the mortgage was due, and the plaintiff had taken measures to foreclose the mortgage, and was in possession of the property, before the levy, of which the officer had notice. He was therefore legally in possession of the property, and the officer as well as the party, having full knowledge of these facts, became trespassers when they sold the property and delivered possession to third persons. They might have sold the interest of the mortgagor, but after default in the mortgage, and possession on the part of the mortgagee, and knowledge thereof by the parties, they could not legally go further.

There is also a more serious objection to the defendants' appeal, viz., that the evidence was not sufficient to make out any justification. Both in the answer and the evidence, they attempt

to justify on the ground that the goods were sold under an execution. The proof necessary to sustain such a defence, when it appears that a stranger has title and possession of the property, is not complete by merely producing an execution, but the defendant must also prove the judgment under which the execution was issued. *High* v. *Wilson*, 2 J. R. 46; *Parker* v. *Walrod*, 16 Wend. 517. No such evidence was offered, and the justification in this respect failed. The plaintiff was entitled to recover any damages he sustained by having the property taken from him.

The defendants cannot complain that the justice erred in adopting the lowest value as the amount of the damages. If the plaintiff is satisfied, the defendants ought to be also.

Judgment affirmed.